DAVID A. KETTEL (SBN 125745)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901
E-mail: dakettel@venable.com

JAMES R. BURDETT
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
Telephone:  (202) 344-4000
Facsimile: (202) 344-8300
E-mail: jburdett@venable.com

Attorneys for Third-Party Subpoena Recipient
TELECOMMUNICATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 800 ADEPT, INC.,<br><br>                    Plaintiff,<br><br>        vs.<br><br>AT&T MOBILITY LLC., et al.,<br><br>                    Defendants. | Case No. Misc. 08-0099 GEB EFB<br><br>**STIPULATED PROTECTIVE ORDER RE SUBPOENA TO TELECOMMUNICATION SYSTEMS INC.;ORDER THEREON**<br><br>[Pending Action in E.D. Tex. No. 5:07cv023] |

The parties hereto, by their respective counsel, recognizing that third-party Subpoena recipient TeleCommunication Systems, Inc. ("TCS") may possess confidential, proprietary trade secret or otherwise competitively sensitive information, and desiring to obtain a Protective Order entered by this Court to protect such information from unnecessary disclosure, hereby STIPULATE AND AGREE, subject to this Court's approval and Fed. R. Civ. P. Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in connection with any document production made by TCS in response to the subpoena issued by plaintiff 800 Adept to third-

1

LA: 215166/043488/259983

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

party TCS in the Eastern District of California, relating to an action pending in the United States District Court for the Eastern District of Texas entitled 800 Adept Inc. v. AT&T Mobility LLC et al., Civil Action No. 5:07 CV 023 E.D. Tex.) ("the Texas action"):

1.      DEFINITIONS

For purposes of the Order:

"Confidential Information" shall mean trade secrets, know-how, confidential research, national security information, proprietary data or any other technical, commercial, governmental, business or financial information which is maintained in confidence , whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been designated by the Producing Party as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" in conformity with this Order.

"Producing Party" or "Designating Party" shall mean the person or entity (and its Outside Counsel) who is producing information.

"Receiving Party" or "Non-Designating Party" shall mean the party (and its Outside Counsel) who is the recipient of information requested by the Receiving Party and supplied by the Producing Party.

"Outside Counsel" shall mean the attorneys of record in connection with this miscellaneous action in the Eastern District of California and attorneys of record in the related Texas action who have agreed to abide by this Protective Order and signed the Acknowledgement attached as Exhibit A hereto, including the law firms engaged by the parties to represent them in connection with this action or the Texas action.

"Independent Experts" shall mean expert witnesses or consultants engaged by the parties to this action or the Texas action. "Independent Experts" does not include any person who is employed by a party or a competitor of a party.

"Counsel" shall mean Outside Counsel.

"Confidential" is a designation for Confidential Information which is other than "Confidential - Outside Counsel Only" or "Confidential-Restricted Disclosure".

"Confidential-Restricted Disclosure" is a designation which a party may use on documents and things that in good faith it believes contains or is Confidential Information that is competitively significant and commercially sensitive, and hence should be subject to more restrictive dissemination than other Confidential Information.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

2

LA: 215166/043488/259983

"Confidential - Outside Counsel Only" is a designation which a party may use on documents and things that in good faith it believes constitutes highly sensitive, competitively significant trade secret and financial materials or materials which implicate national security, and if disclosed should be subject to the most restrictive

B.  GENERAL RULES

1.  The Producing Party may designate any document or thing produced in this action as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY". Such designation shall be made by stamping or affixing thereto an appropriate legend. With respect to Confidential Information that cannot be conveniently designated in such manner, designation shall be made by informing the Receiving Party in writing prior to or concurrently with the disclosure of such information subject to the provisions of paragraphs 10 and 11 herein. All Confidential Information designated as provided in this paragraph 1 shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this action and the Texas action, unless and until such designation is removed by notice from the Producing Party, agreement of Outside Counsel for the parties, or by Order of this Court. All produced Confidential Information shall be carefully maintained, subject to the provisions of paragraph 8 herein, so as to preclude access by persons who are not authorized herein to receive such information.

2.  Information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be viewed solely by the following persons:

a.  Receiving Party's authorized Outside Counsel, including: authorized Outside Counsel's associates, clerks, paralegal and stenographic personnel;

b.  Independent Experts (subject to paragraph 6);

c.  this Court and its staff; and

d.  the Court in the Texas action and its staff.

3.  Information designated "CONFIDENTIAL-RESTRICTED DISCLOSURE" shall be reviewed by persons listed in paragraphs 2(a)-(d), and in addition, two employees of the Receiving Party, provided that the Receiving Party's employees execute the Acknowledgment in Attachment A hereto that he or she is fully familiar with the terms of this Protective Order and agrees to comply with and be bound by such Order. A copy of such duly executed, written instrument shall be maintained by

STIPULATED PROTECTIVE ORDER RE
SUBPOENA TO TELECOMMUNICATION
SYSTEMS INC.

LA: 215166/043488/259983

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

Counsel for the Receiving Party's Outside Counsel.

4.      Information designated "CONFIDENTIAL shall be viewed solely by the following persons; provided that as to the classes of individuals listed in subparagraphs c-g below, each such individual who receives such Confidential Information has read this Protective Order in advance of disclosure and Acknowledged in a written instrument, in the form of Attachment A hereto, that he or she is fully familiar with the terms of this Protective Order and agrees to comply with and be bound by, such Order until modified by further Order of this Court. A copy of such duly executed, written instrument shall be maintained by Counsel for the Receiving Party's Outside Counsel.

a.      Counsel, including Counsel's associates, paralegal, clerks and stenographic personnel;

b.      Litigation specialists engaged to assist Outside Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

c.      Executives, including in-house attorneys and Directors of a party, who are required to participate in policy decisions with reference to this action;

d.      Employees of a party who need to be consulted by Counsel in preparation for discovery or trial of this action;

e.      Independent Experts retained by the parties (subject to paragraph 6); and

f.      Clerical employees associated with the individuals enumerated above in (c)-(f).

5.      With respect to litigation specialists engaged to assist Outside Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, litigation or trial support services, the parties agree that the mere receipt of documentary or other evidence by such specialists will not subject such individuals to deposition unless they are expected to be called as witnesses at trial.

6.      The procedure for having an Independent Expert approved for access to information designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" shall be as follows:

a.      In the case of a non-testifying consultant, Outside Counsel for the party on whose behalf said consultant has been retained shall: (i) obtain a written acknowledgement, signed by the non-testifying consultant, in the form of Attachment A, and (ii) keep the original of such Acknowledgement in counsel's files. If the non-testifying consultant to whom a party desires to

4

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

produce "CONFIDENTIAL INFORMATION" cannot or will not make each of the representations contained in the Acknowledgement and counsel still wishes to retain said person on a non-testifying basis, then, prior to producing any "CONFIDENTIAL INFORMATION" to said non-testifying consultant, counsel must follow the procedures set forth in subparagraphs (c) and (d) hereof.

   b.     In the case of a testifying expert who has been retained, Outside Counsel for the party who wishes to disclose Information designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" to such persons shall: (i) obtain a written acknowledgement, signed by the testifying expert, in the form attached hereto as Attachment A; (ii) keep the original of such acknowledgement in counsel's files; and (iii) produce a copy of said acknowledgment to opposing counsel concurrent with the submission of an expert report by such testifying expert witness. If the testifying expert to whom a party desires to produce CONFIDENTIAL INFORMATION cannot or will not make each of the representation contained in the acknowledgement and counsel still wishes to retain said person on a testifying or other basis, then, prior to producing any CONFIDENTIAL INFORMATION to said testifying expert, counsel must follow the procedure set forth in subparagraphs (c) and (d) hereof.

   c.     Within 10 days of receipt of notice from Outside Counsel that a proposed non-testifying consultant or testifying expert cannot or will not execute an acknowledgement hereunder, the Designating Party may object to the person proposed for approval. Failure to object within ten days to a person proposed shall be deemed approval, but shall not preclude any subsequent objection to continued access where facts suggesting a basis for objection are subsequently learned by the objecting party or its counsel.

   d.     If the Designating Party so objects, that person or entity and the requesting party shall, within five days from the date of notice of objection, confer and attempt to resolve the dispute. If the participants cannot resolve the dispute, or if the conference does not take place, then within fifteen days from the date of notice of objection, the Designating Party may make an appropriate application to the Court, ~~to be kept under seal~~, requesting that access to CONFIDENTIAL INFORMATION not be allowed to the proposed person. At the hearing on such an application, the burden will be on the person or entity objecting to disclosure to show that the Information involved is a trade secret or confidential business or proprietary information and that its disclosure might be harmful.  *The parties shall comply with the Local Rules of this court, or those of Texas court, as appropriate, for any motion to seal documents.*

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

STIPULATED PROTECTIVE ORDER RE
SUBPOENA TO TELECOMMUNICATION
SYSTEMS INC.

LA: 215166/043488/259983

7.    With respect to documents designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same. In the case where such person is not presently an employee of any party to this action, such person shall not be shown such Confidential Information unless and until that person has read this Protective Order and agreed in writing, in a form substantially similar to that of Attachment A hereto, to be bound by its terms.

8.    All Confidential Information which has been designated as provided in paragraph 1 by the Producing or Disclosing Party, and any and all reproductions thereof, shall be retained by the Receiving Party only in the custody of its Outside Counsel, except that Independent Experts authorized to view such information under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation, subject to the provisions of paragraph 14.

9.    ~~Any documents which are filed with or delivered to this Court or the court in the Texas Action for any purpose and which are designated as provided in paragraph 1, and any pleadings, motions or other papers filed in this Court or the court in the Texas action disclosing Confidential Information, shall be filed under seal and kept under seal unless and until the Confidential Information designation is removed by the Producing Party or until further order of the Court.~~ In connection with any hearing, trial, or proceeding concerning this action or the Texas action, Outside Counsel may apply to the Court for in camera treatment of any Confidential Information necessary for disclosure in relation to such hearing, trial or proceeding. Nothing in this Stipulated Protective Order shall prohibit the admission of Confidential Information into evidence if such information is otherwise admissible under the rules of evidence. *The parties shall comply with the Local Rules of this court, or those of Texas court, as appropriate, for any motion to seal documents.*

10.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information pursuant to this Protective Order:

a.    The deposition (or portions thereof) shall be designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY." Such designation shall be made on the deposition record whenever possible or upon review of such transcript by counsel for the party or person disclosing or affected by any "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL

LA: 215166/043488/259983

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

ONLY" information, within ten (10) days after counsel's receipt of the transcript. Counsel may list on a separate piece of paper the number of each page of the transcript containing "CONFIDENTIAL" Material, or "CONFIDENTIAL-RESTRICTED DISCLOSURE" Material, "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Material, and mailing copies of he list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-RESTRICTED DISCLOSURE" Material.

b.      The Disclosing Party shall have the right to exclude from attendance at said deposition during such times Confidential Information is to be disclosed any person other than the deponent, Outside Counsel (including their staff and associates), persons authorized by paragraphs 2 or 3 (as applicable) to view the information, and the Court Reporter, and the failure of such other persons to comply with such a request shall constitute substantial justification for Outside Counsel to advise the witness that he or she need not answer a question seeking the revelation of Confidential Information; and

c.      The originals of said deposition transcripts and all copies thereof shall bear the legend "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or substantial equivalent, on the cover page and shall bear the legend "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or substantial equivalent as appropriate on the specific pages so designated.

d.      ~~The parties may direct the court reporter at the deposition to keep confidential and not disclose any testimony that is designated CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL ONLY or "CONFIDENTIAL-RESTRICTED DISCLOSURE". In such case, the court reporter who transcribes CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY testimony in this action at a deposition shall agree, before transcribing any such testimony, that all such testimony is and shall remain CONFIDENTIAL and shall not be disclosed except as provided in this Order. Further, any such court reporter shall agree that copies of any such transcripts, including exhibits, will be marked  CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE or CONFIDENTIAL-OUTSIDE COUNSEL ONLY, separately bound, and will be retained in absolute confidentiality and safe keeping by such reporter. The court reporter must also agree that any reporter's notes, or other transcription records of any testimony designated as CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or~~

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

STIPULATED PROTECTIVE ORDER RE
SUBPOENA TO TELECOMMUNICATION
SYSTEMS INC.

LA: 215166/043488/259983

1  ~~CONFIDENTIAL-OUTSIDE COUNSEL ONLY (including computer files, disks, shorthand notes~~
2  ~~and computer generated printouts of testimony) will be retained in absolute confidentiality and safe~~
3  ~~keeping by such reporter, or delivered to the attorneys of record in this action or the Texas action or~~
4  ~~filed under seal with the Court. Any such court reporter, or any videographer, will first execute the~~
5  ~~Acknowledgment in Attachment A hereto that he or she is fully familiar with the terms of this~~
6  ~~Protective Order and agrees to comply with and be bound by such Order.~~ *The parties may execute an agreement with the court reporter regarding the handling of confidential documents.*

7      11.     Neither the taking of any action in accordance with the provisions of this Protective
8  Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this
9  action or the Texas action. At any time after production, the Producing Party can designate
10 information thereafter to be treated as Confidential Information. In such case, there shall be no liability
11 of the Receiving Party for use prior to such post-production designation. Moreover, the failure to
12 designate information in accordance with this Order and the failure to object to a designation at a
13 given time shall not preclude the filing of a motion at a later date seeking to impose such designation
14 or seeking to challenge the appropriateness of such designation. The entry of this Order shall not be
15 construed as a waiver of any right to object to the furnishing of information in response to discovery or
16 to object to a requested inspection of documents or things, and, except as expressly provided, shall not
17 relieve any party of the obligation of producing information in the course of discovery. The fact that a
18 party has designated information as "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED
19 DISCLOSURE", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" in this action shall have no
20 evidentiary effect in this action. In the case of physical inspections or on site visits which occur by
21 court order, discovery request, or the agreement or stipulation of counsel, the Party allowing the
22 inspection may designate in advance, or contemporaneously with the inspection, items and areas of the
23 plant, office, or warehouse which contain CONFIDENTIAL, CONFIDENTIAL-RESTRICTED
24 DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY materials.

      12.     ~~In the event anyone shall violate or threaten to violate the terms of this Order, the~~
~~parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any~~
~~such person, and in the event the aggrieved party shall do so, the respondent person, subject to the~~
~~provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party~~
~~possesses an adequate remedy at law.~~ The parties and any other person subject to the terms of this
Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing or

STIPULATED PROTECTIVE ORDER RE
SUBPOENA TO TELECOMMUNICATION
SYSTEMS INC.

LA: 215166/043488/259983

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  modifying this Order, notwithstanding any subsequent disposition of this action.

2      13.     A party receiving a document or thing which has been designated pursuant to paragraph

3  1 by the Producing Party, may challenge the designation made by the Producing Party. Grounds for

4  challenge include, but are not necessarily limited to, the following:

5      a.     the information provided by the document or thing is not Confidential because it

6  is available in the public domain through no fault of the Receiving Party;

7      b.     the information provided by the document or thing is not Confidential because it

8  was previously independently known to the Receiving Party;

9      c.     the information provided by the document or thing is not Confidential because it

10 was received from a third party who lawfully possessed such information and had the unrestricted

11 right to disclose such information and without breach of any relationship of confidentiality; or,

12      d.     the information provided by the document or thing is not Confidential because it

13 was information developed from independent sources without use of the designated Confidential

14 Information.

15      Grounds for change in designation from a more restrictive to a less restrictive category include

16 failure of the information to reasonably comply with the criteria set forth in the Definitions.

17      Upon any challenge to the correctness of a designation of confidentiality, the parties shall meet

18 and confer on the challenged designation within 10 days of written notice of the challenge. If the

19 dispute over a designation cannot be resolved, the Receiving Party may file a noticed motion in this

20 Court to challenge the designation. The burden shall be on the Receiving Party who challenges the

21 designation to establish that the disputed documents are not entitled to confidential treatment.

22      14.     Immediately after entry of final judgment in the Texas action, including appeals, all

23 documents and things, including transcripts of depositions or of trial together with all copies thereof,

24 which have been designated as, or which contain information which has been designated as,

25 "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or "CONFIDENTIAL-

26 OUTSIDE COUNSEL ONLY" shall be returned to the Designating Party. In lieu of returning such

27 designated materials as provided above, Outside Counsel for the Receiving Party may certify in

28 writing to the Outside Counsel for the Designating Party that the materials have been destroyed.

Notwithstanding the above provisions, however, Counsel may retain a permanent archival file copy of

all pleadings designated "CONFIDENTIAL", "CONFIDENTIAL-RESTRICTED DISCLOSURE", or

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY".

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

9

STIPULATED PROTECTIVE ORDER RE
SUBPOENA TO TELECOMMUNICATION
SYSTEMS INC.

15.     Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the dissemination of Confidential Information.

16.     Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude any party from disclosing or using, in any manner or for any purpose, any information or documents from the party's own file which the party itself has designated as CONFIDENTIAL, CONFIDENTIAL-RESTRICTED DISCLOSURE, or CONFIDENTIAL-OUTSIDE COUNSEL ONLY.

17.     This Protective Order may be amended by agreement of the parties, subject to the approval of this Court.

18.     If Confidential Information is disclosed to any person other than in manner authorized by this Stipulated Protective Order, the party responsible for disclosure shall upon discovery of the disclosure immediately inform the party whose information is disclosed of all facts pertinent thereto, which after due diligence and prompt investigation are known to the responsible party, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent further disclosure by each unauthorized person who has received such information.

19.     Nothing herein shall bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon Confidential Information. In rendering such advice, Outside Counsel shall not disclose the specific content of Confidential Information.

20.     ~~Information produced pursuant to this Protective Order shall not be provided or disclosed to defendants in the Texas action or their counsel unless and until such defendants and their counsel execute the Acknowledgement in Attachment A hereto that he or she is fully familiar with the terms of this Protective Order and agrees to comply with and be bound by such order. A copy of such duly executed, written instrument shall be maintained by the Receiving Party's Outside Counsel.~~

21.     The foregoing is agreed and stipulated to by the parties as of the dates indicated below.

////
////
////

STIPULATED PROTECTIVE ORDER RE SUBPOENA TO TELECOMMUNICATION SYSTEMS INC.

LA: 215166/043488/259983

1  DATED:        July ___, 2008                VENABLE LLP

2

3                                        By:   _Signature on original_____

4                                              David A. Kettel
                                               Attorneys for Third-Party Subpoena Recipient
                                               TeleCommunication Systems, Inc.

5  DATED:        July ___, 2008                LANIER LAW FIRM

6

7                                        By:   _Signature on original_____

8                                              Christopher D. Banys
                                               Attorneys for Plaintiff and Subpoena Proponent
9                                              800 Adept, Inc.

10

11         This stipulated protective order is approved, as modified above.

12         SO ORDERED:

13  DATED:  August 11, 2008

14                                            _Edmund F. Brennan_____
                                              EDMUND F. BRENNAN
15                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

11

STIPULATED PROTECTIVE ORDER RE
SUBPOENA TO TELECOMMUNICATION
SYSTEMS INC.

LA: 215166/043488/259983

# EXHIBIT "A"

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I _____, declare as follows:

I hereby acknowledge that I may receive information designated as "CONFIDENTIAL", "CONFIDENTIAL - RESTRICTED DISCLOSURE", or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" by Third-Party TeleCommunication Systems, Inc., related to the Case *800 Adept, Inc. v. AT&T Mobility LLC, Cellco Partnership, Sprint Nextel Corporation, and T-Mobile USA, Inc.,* Civil Action No. 5:07 CV 023 (E.D. Tex.), pending in the United States District Court, Eastern District of Texas, Texarkana Division; and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Re Subpoena To TeleCommunication Systems, Inc. entered by the United States District Court for the Eastern District of California ("Order").

I further state that I have been given a copy of and have read the Order, that I am familiar with its terms, that, on behalf of myself and the organization identified below with which I am employed and/or affiliated, if any, I agree to comply with [I and to be bound by each of the terms thereof, and agree to hold in confidence any information designated as such and disclosed to me pursuant to the terms of the Order.

To assure my compliance with the Order, I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of California for the limited purpose of any proceeding relating to performance under, compliance with or violation of this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____ 2008.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

12

LA: 215166/043488/259983